UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAH HERRICK,

    Plaintiff,

        v.                                                    No. 3:14-cv-1426(WIG)

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____X

## ORDER

      Plaintiff Sarah Herrick has filed this appeal of the adverse decision of the Commissioner of Social Security denying her application for Title II disability insurance benefits ("DIB"). Plaintiff moved, pursuant to 42 U.S.C. § 405(g), for an order reversing this decision, or in the alternative, remanding the matter for rehearing. [Doc. # 16]. The Commissioner responded with a motion to affirm the decision of the Commissioner. [Doc. # 22]. The undersigned heard oral argument in this case on November 2, 2015.

      At oral argument, Plaintiff's counsel argued that the residual functional capacity ("RFC") assessed by the ALJ was not supported by substantial evidence. Specifically, Plaintiff's counsel maintained that the ALJ failed to meaningfully consider the fluctuating nature of Plaintiff's fibromyalgia symptoms. In essence, Plaintiff's counsel argues that, while on a good day Plaintiff may be able to meet the assessed RFC, she often has bad days, and it was error for the ALJ to fail to consider the good day / bad day nature of her impairment and its impact on her ability to maintain employment.

Counsel for the Commissioner, at oral argument, disagreed with the characterization of Plaintiff's symptoms as fluctuating.  Rather, defense counsel argues that the medical evidence shows good function, improvement with treatment, normal test results, and no relapse or significant setbacks during the relevant period.

The Court has carefully examined the medical records.  Within the relevant period, [1] there is evidence suggesting fluctuation.  Plaintiff has, at times, reported an improvement of symptoms.  For example, on December 3, 2009, and on April 6, 2009, treatment notes indicate Plaintiff's pain was 0/10.  (R. 358, 363).  In May and July of 2009, while Plaintiff was being treated by chiropractor Dr. Laub, Plaintiff had some improvement with pain and was feeling better overall.  (R. 341, 343, 350).  Plaintiff has also reported worsening and/or fluctuation of pain and other symptoms within the relevant period.  For example, on March 14, 2008, Plaintiff presented to Dr. Jill Moorcroft with muscle pain that had been gradually improving but had since plateaued.  (R. 378).  Plaintiff wondered whether she should get a temporary handicap plate for her bad days.  (*Id.*).  Treatment notes from April 2008 state that Plaintiff had "2 good days in the last week, whereas, prior to starting the CoQ10, she had none in the last 6 months."  (R. 375).

Further, Dr. Hanke's notes from May 11, 2010 indicate Plaintiff reported increased pain over the past few months, and that Naproxen is no longer helping.  (R. 355).  Plaintiff reported difficulty doing activities and having to miss work because of the pain.  (Id.).  Dr. Hanke observed full muscle strength and intact sensation.  (R. 356).  On June 6, 2010, Dr. El-Moslimany noted Plaintiff's muscle pain began in late 2009, worsened when she stopped taking Naprosyn, and that three to four days a week the pain and weakness is to the point where Plaintiff has trouble walking, driving, and completing other activities.  (R. 382).  Upon physical

---

[1] The relevant time period for establishing disability in this case is from the alleged onset date, January 31, 2008, through the date of last insured, December 31, 2010.

examination, Dr. El-Moslimany observed full strength in both upper and lower extremities and normal gait. (R. 383-84). On July 8, 2010, Dr. El-Moslimany's treatment notes indicate Plaintiff reporting worsening pain. (R. 380). At this visit he also reported normal gait despite Plaintiff's use of two canes because of pain, and that an MRI, EMG, and blood tests were negative or within normal limits. (R. 380-81). Dr. El-Moslimany diagnosed possible fibromyalgia based on Plaintiff's description of her pain and other symptoms. (R. 381).

In September 2010, Dr. Abarientos noted that medication was helping Plaintiff's muscle pain, and that she was still using crutches for balance and pain. (R. 890). On December 6, 2010, Plaintiff presented to the emergency room with severe pain such that she was unable to walk. (R. 438, 470). In a visit with Dr. Abarientos a week later, Plaintiff complained of continued pain and weakness in her legs, and she used a cane to walk. (R. 438). Upon exam, Plaintiff had normal strength and muscle tone. (*Id.*). Dr. Abarientos noted an unremarkable neurology workup, and recommended a muscle biopsy for a possible metabolic myopathy. (R. 438-39). The biopsy showed no significant pathologic change. (R. 441).

In sum, a close reading of treatment notes from the relevant period show that, while Plaintiff had normal strength and gait, she also had muscle pain in varying degrees. As such, the question of whether the ALJ properly considered this fluctuation in symptoms is presented. *Cf. Kosyjana v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-13-2838, 2014 WL 5308028, at *2 (D. Md. Oct. 15, 2014) (discussing analysis of fibromyalgia).

The parties are hereby ordered to submit additional briefing solely on the issue of whether the ALJ adequately analyzed Plaintiff's fibromyalgia symptoms in assessing her RFC (and, if required, at step five). Any relevant case law should be thoughtfully incorporated, as

should any discussion of SSR 12-2p, if necessary.  Additional briefing should not exceed ten (10) pages in length, and shall be due within forty-five (45) days from the date of this Order.

SO ORDERED, this   3rd   day of November, 2015, at Bridgeport, Connecticut.

>  /s/ William I. Garfinkel
> WILLIAM I. GARFINKEL
> United States Magistrate Judge